```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA    )
                            )
          v.                )    CRIMINAL NO.
                            )    08-10298-DPW
                            )
CARLOS URDAY,               )
                            )
          Defendant.        )
```

## MEMORANDUM AND ORDER
March 19, 2014

Certain post conviction motions in this matter remain outstanding. Finding all to be without merit, I will deny them and direct the Clerk to dismiss the defendant's post conviction challenge to his conviction.

The defendant has moved (#135) to vacate his sentence under 28 U.S.C. § 2255. The grounds are a purported failure of his counsel to give him adequate advice, to challenge certain evidence, and to contest the drug type and amount and the criminal history category.

A review of the record demonstrates that the defendant was advised fully of his rights to contest the charges and the consequences of a guilty plea both by the Court and also by his two counsel. He knowingly and voluntarily chose to plead guilty. That plea of guilty resulted in the minimum sentence permitted by

the mandatory sentencing provisions established by Congress, imposed after challenges both to drug type and amount and to criminal history mounted by his counsel. There was neither deficient performance by counsel, nor can any conceivable errors be viewed as prejudicial. *See generally, Strickland* v. *Washington,* 466 U.S. 668 (1984).

There is no basis to conclude that the decision not to challenge evidence gathered by wire tap or search warrant was inappropriate or that such a challenge could have been successful; the plea of guilty in any event waived pursuit of those challenges.

Despite being advised by me that he retained a right of appeal, the defendant did not undertake to exercise it. This is not surprising; there was nothing of substance to support a non-frivolous appellate argument and no rational defendant would consider an appeal promising (except under the pretext of allegations of ineffective assistance of counsel). Moreover, despite making an original and then an amended declaration, fashioned after the government focused the issues through its opposition to the motion to vacate, the defendant has made no demonstration he actually expressed a timely interest to his counsel in pursuing an appeal, despite my specific advice to him that it remained an option. Rather, he suggests that his counsel

should have advised him of his right to appeal, not that he advised his counsel of his interest in appealing. The defendant does not meet the threshold for an ineffectiveness of counsel claim based upon the lack of an appeal. *See generally Roe* v. *Flores-Ortega*, 528 U.S. 470 (2000).

The defendant moves (#181) to amend the judgment and effectively to rewrite the charging document, which alleged participation in a conspiracy to possess with intent to distribute cocaine and heroin to which he pled guilty. The use of the word "and" in the context of a charging document may properly be construed in the disjunctive. Although the factual predicate on the basis of which the defendant was convicted concerned only that dimension of the charged conspiracy that alleged possession with intent to distribute cocaine, the charging document alleged a conspiracy involving cocaine and heroin distribution by several defendants including the defendant now before me and was not inappropriate. The judgment accurately reflects the charge to which the defendant pled guilty and, given the recitation of the subject controlled substances in the charge foreseeable to him, actually benefits the defendant by giving a broader double jeopardy protection than the precise factual

predicate on the basis of which he pled guilty might otherwise support. *See generally* WRIGHT & LEOPOLD, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL 4th § 125 at 555-58 (2008).

Although the defendant's reported strides in rehabilitation while subject to the sentence imposed are worthy of commendation, they do not justify vacation of the sentence, let alone permission, as the defendant moves (#185) for "leave to file successive or dilatory motion to vacate."

Finally, in light of the parties "Joint Status Report Pursuant to General Order 12-02" (#190), it is apparent that the motion (#186) for discovery is moot.

For these reasons, briefly stated, the motions numbered 135, 181 and 185 are DENIED and the motion numbered 186 is treated as MOOT. The Clerk is directed to DISMISS this post-conviction challenge. I decline to issue a certificate of appealability.

> */s/ Douglas P. Woodlock*
> DOUGLAS P. WOODLOCK
> UNITED STATES DISTRICT